IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| DOUGLAS MEIGS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. WDQ-10-1651 |
| MARYLAND DOC and COMMISSIONER STOUFFER, | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

Douglas Meigs sued the Maryland Department of Corrections and Commissioner Stouffer ("the Defendants") for violating his Eighth and Fourteenth Amendment rights. Pending is the Defendants' unopposed motion to dismiss or for summary judgment. ECF No. 17.[1]

No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the following reasons, the Defendants' motion will be granted.[2]

I.  Background[3]

Meigs is an elderly inmate at Patuxent Institution in Jessup, Maryland. Compl. § I.1. He suffers from senile dementia, depression, arthritis and urinary incontinence. Compl., Ex. A.

---

[1] Meigs was advised of his right to respond to the Defendants' motion and the consequences of failing to respond. ECF No. 18 & 22.

[2] On November 9, 2010, Meigs moved for restoration of his social security "old age benefit." ECF No. 14. The motion, which was unrelated to any claims raised in his complaint, was denied on November 16, 2010. ECF No. 19. His motion for reconsideration was also denied. ECF No. 22. Meigs filed an interlocutory appeal, which remains pending. ECF No. 23. The interlocutory appeal does not deprive this Court of jurisdiction over the Defendants' motion. *See United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989) ("Notice of appeal from a non-appealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal.").

[3] In reviewing the motion to dismiss, the well-pled allegations in Meigs's Complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In reviewing the motion for summary judgment, Meigs's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Meigs is scheduled for two parole revocation hearings in the Circuit Court for Howard County, Maryland. Compl. § I. 2. Although the Circuit Court is about four miles from Patuxent, Meigs has previously been bused from Patuxent to the Maryland Correctional Institution-Hagerstown (MCIH), where he spent the night, before being brought to the Circuit Court. *Id.* Meigs was then sent back to MCIH before returning to Patuxent. *Id.* Meigs alleges that the trip is over 400 miles. *Id.*

On January 4, 2010, Meigs was diagnosed with shingles. Compl., Ex. B. He alleges that he was unable to obtain treatment for the condition because, on January 5, 2010, he was transported to MCIH and placed in "solitary lock-up." Compl. § II. On January 6, 2010, Meigs filled out a sick-call slip at MCIH. Compl., Ex. C. The slip indicates that he did not receive treatment at MCIH because he was transferred back to Patuxent the next day. *Id.* Patuxent medical staff treated Meigs's shingles. Defs.' Mot., Ex. 2.

Before Meigs was again transferred to MCIH on April 22, 2010, Meigs alleges that he was strip searched in front of seven correctional officers and 10 inmates, who laughed and joked as he was forced to discard the incontinence pad he wore for the "long trip," and became abusive when he protested. Compl. § II.

Meigs also alleges that, every time he was transferred to MCIH, his legal papers were arbitrarily confiscated. *Id.* He alleges that when he arrived at MCIH his legal papers were taken by a Department of Corrections ("DOC") driver and placed in the back of the van, until he was returned to Patuxent. *Id.* Meigs alleges that his papers were taken because DOC staff were annoyed by his complaints about the need to go to MCIH. *Id.*

On June 21, 2010, Meigs sued the Defendants, seeking injunctive relief in the form of a change in DOC policy governing travel to the Circuit Court. ECF No. 1. Meigs also seeks an

order requiring continuity of medical care and the provision of legal materials during court trips. *Id.* On November 12, 2010, the Defendants moved to dismiss or for summary judgment. ECF No. 17.

II. Analysis

    A. Standard of Review

        1. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Midgal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(*quoting Twombly*, 550 U.S. at 557).

        2. Motion for Summary Judgment

Under Rule 56(a), summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a).[4] In considering the motion, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in h[is] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citation and internal quotation marks omitted).

B. The Defendants' Motion

1. Mootness

An actual controversy must exist throughout a case's pendency, meaning that the parties must continue to have a "personal stake in the outcome" of the lawsuit. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (*quoting Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)); *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States v. Hardy*, 545 F. 3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Generally, federal courts lack the power to review moot cases. *United States v. Hardy*,

---

[4] Rule 56(a), which "carries forward the summary-judgment standard expressed in former subdivision (c)," changed "genuine 'issue' [to] genuine 'dispute,'" and restored the word "'shall' . . . to express the direction to grant summary judgment." Fed. R. Civ. P. 56 advisory committee's note.

4

545 F. 3d 280, 283 (4th Cir. 2008) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)).[5]

Events occurring after a complaint is filed may moot a request for injunctive relief. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). When "on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that the mooted litigation is not pressed forward, and unnecessary juridical pronouncements . . . obtained." *Lewis*, 494 U.S. at 480.

Meigs's request for injunctive relief to change the DOC's transportation policy is moot. On October 1, 2010, a DOC transportation unit began operating "adjacent to Patuxent Institution," which "transport[s] inmates from Patuxent Institution directly to Court in Ellicott City, Howard County, Maryland." Joseph Sottile Aff. ¶ 4. Inmates are no longer transferred to MCIH before transport to the Circuit Court. *Id.* Because there is no indication in the record that Meigs "w[ill] be subjected to the same action again," his claim for injunctive relief must be denied. *Weinstein*, 423 U.S. at 149.

2. Access to Legal Papers

Meigs alleges that he had restricted access to certain legal papers when he was transferred to MCIH. The Defendants concede that Patuxent inmates give their legal documents to transportation officers before they depart for MCIH. Defs.' Mot. 3. However, mere inconvenience to an inmate's efforts to litigate his case does not state a claim for denial of access

---

[5] Federal courts may review a moot claim if it is "capable of repetition, yet evading review." *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). This exception is limited to exceptional situations. *See Incumaa v. Ozmint*, 507 F. 3d 281, 289 (1983). "In the absence of a class action, the 'capable of repetition, yet evading review' doctrine [is] limited to the situation where two elements combine: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

to the courts. Rather, to state such a claim, the inmate must show actual harm. *See, e.g., Lewis v. Casey*, 518 U. S. 343, 349-55 (1996) (actual injury requirement derives from the doctrine of standing). Meigs has not alleged any actual harm from the restricted access to his legal papers. The Defendants' motion to dismiss that claim will be granted.

3. Medical Treatment

An inmate alleging a denial of medical care in violation of the Eighth Amendment must show that prison personnel were deliberately indifferent to a serious medical condition. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm." *Farmer*, 511 U.S. at 835. Medical personnel "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Id.* at 837.

Here, the undisputed evidence is that Meigs received continual treatment for his shingles. *See* Defs.' Mot., Ex. 2. That the shingles were not treated during his one-night stay at MCIH does not create a genuine dispute whether Meigs's Eighth Amendment rights have been violated. Meigs has produced no evidence that this delay worsened his condition. *See Harris v. Virginia*, 2008 WL 4145923, at *5 (E.D. Va. Sept. 8, 2008) (day long delay in treatment may violate Eighth Amendment when the delay exacerbated injuries). The Defendants' motion for summary judgment will be granted.

III. Conclusion

For the reasons stated above, the Defendants' motion to dismiss or for summary judgment will be granted.

__2/15/11__  
Date

_/s/ William D. Quarles, Jr._  
William D. Quarles, Jr.  
United States District Judge